IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABEL ESQUEDA ZAVALA,

        Plaintiff,

      v.                                                           Case No. 1:25-cv-00620-KWR-LF

DANA STEWART,
TA OPERATING, LLC, and
DOES NOS. 1–5,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** comes before the Court on Plaintiff Abel Zavala's Motion to Remand (**Doc. 10**) and Defendant TA Operating, LLC's ("Defendant TA") Motion for Leave to File Surreply (**Doc. 16**). This Motion to Remand turns on whether Defendant TA bears its burden proving that Defendant Dana Stewart is a fraudulently joined party. Since Defendant TA relies on unsworn statements in motions to support its fraudulent joinder argument, the Court finds that Defendant TA fails to show that Defendant Stewart is a fraudulently joined party. Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that Plaintiff's Motion to Remand (**Doc. 10**) is well-taken, and therefore, is **GRANTED**. The Court reaches its decision to remand without considering any of the new material put forth in Plaintiff's Reply (**Doc. 14**), and thus, Defendant TA's Motion for Leave to File Surreply is **DENIED**.

### BACKGROUND

On May 19, 2025, Plaintiff brought this personal injury action in the First Judicial District Court, County of Rio Arriba, State of New Mexico. **Doc. 1 at 10**. Plaintiff brings claims against

Defendants TA, Dana Stewart, and unnamed Does 1–5. *Id.* Defendant TA was served on May 30, 2025. *Id.* **at 20**. Defendant TA removed this action on June 30, 2025. *Id.* **at 1**.

Central to this case's removal and present Motion to Remand, is the fact that there are two individuals linked to this matter named Dana Stewart. *See* **id. at 17**; *see also* **Doc. 13 at 3–4**. The Dana Stewart that was first brought into the case ("Edgewood Dana Stewart") is a resident of Edgewood, New Mexico. **Doc. 1 at 3**. In the underlying state court action, Edgewood Dana Stewart, filed her *pro se* Motion to Dismiss on June 13, 2025. *Id.* In her Motion, Edgewood Dana Stewart claimed that she has never been employed or associated with Defendant TA, and thus, she requested dismissal of the lawsuit. *Id.* **at 17**. Before Edgewood Dana Stewart's Motion to Dismiss could be addressed, the case was removed. *Id.* **at 1**.

The second Dana Stewart linked to this action ("Moriarty Dana Stewart") does work at a TA in Moriarty, New Mexico. **Doc. 13 at 3–4**. Moriarty Dana Stewart was served at the TA in Moriarty on August 13, 2025. *Id.* While Edgewood Dana Stewart claims to have never worked at TA, Moriarty Dana Stewart filed an affidavit along with her Motion to Dismiss (**Doc. 24**) claiming that she was not an employee at TA on the date of Plaintiff's accident—July 6, 2024. **Doc. 24 at 8**. Thus, both Dana Stewart's contend that they were not involved with Defendant TA on July 6, 2024. Nevertheless, Plaintiff maintains his position that a Dana Stewart is a proper party to the action. *See* **Doc. 1 at 10**.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant seeking removal must overcome the presumption against removal. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Removal statutes are strictly construed, and ambiguities are resolved in favor of remand. *Id.*

Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs. A defendant may remove a case based upon diversity jurisdiction in the absence of complete diversity if a plaintiff fraudulently joins a non-diverse party to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). The citizenship of a fraudulently joined defendant "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987–88 (10th Cir. 2013).

## DISCUSSION

Plaintiff's Motion to Remand (**Doc. 10**) turns on whether Defendant TA can demonstrate that Edgewood Dana Stewart is a fraudulently joined party. While both Dana Stewart's contend that they were not involved in Plaintiff's accident, Edgewood Dana Stewart was the Dana Stewart joined and served at the time of removal. Therefore, for the purposes of Plaintiff's Motion to Remand, the Court's primary inquiry is whether Defendant TA can demonstrate that Edgewood Dana Stewart was fraudulently joined, and consequently, whether her citizenship should be considered for removal purposes.

I. **Defendant TA does not meet its burden demonstrating fraudulent joinder.**

Defendant TA argues that the Edgewood Dana Stewart is a fraudulently joined party whose citizenship need not be considered for removal purposes. **Doc. 11 at 3–7**. Plaintiff contends that Defendant TA cannot meet its burden for removal. **Doc. 10 at 4–6**. Regardless of who the "correct" Dana Stewart is, Defendant TA cannot meet its burden proving that Edgewood Dana Stewart is a fraudulently joined party, and thus, Defendant TA's removal was procedurally defective under 28 U.S.C. § 1447(c).

When assessing a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333. The removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988. A party may successfully demonstrate fraudulent joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*; *see also Montano v. Allstate*, 211 F.3d 1278, at *1–2, 4 (10th Cir. 2000) (unpublished table decision) (noting that the removing party must demonstrate that there is "no possibility" that the plaintiff would be able to establish a cause of action against the joined party in state court). In considering a claim of fraudulent joinder, courts are directed to "pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (noting that "federal courts may look beyond the pleadings to determine" fraudulent joinder). But a court will not "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

In attempting to meet its heavy burden, Defendant TA points to Edgewood Dana Stewart's *pro se* Motion to Dismiss which she filed in state court and argues that Plaintiff cannot establish a cause of action against her. **Doc. 11 at 6**. Although Edgewood Dana Stewart asserts that she was "not employed by TA, nor was [she] ever . . . employed by or associated with TA," she does not attest to these facts under penalty of perjury. *See* **Doc. 1 at 26**. It is well-established that unsworn

4

statements in a brief, like those made by Edgewood Dana Stewart, are not evidence.[1] *See, e.g., INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (finding "no basis for concluding" an issue based on "[c]ounsel's unsupported assertions in respondent's brief"); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); *Estrella v. Brandt*, 682 F.2d 814, 819–20 (9th Cir. 1982) (finding that "[l]egal memoranda and oral argument are not evidence"); *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence.").

The Tenth Circuit has held that pleadings may be treated as an affidavit if they are verified or within the pleader's personal knowledge and sworn under penalty of perjury. *See Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) ("A verified pleading may itself be treated as an affidavit if the facts asserted are within the pleader's personal knowledge."). While the fact of her past employment is within Edgewood Dana Stewart's personal knowledge, her Motion to Dismiss does not contain any statement in which she swears to the truth of her assertions under penalty of perjury. *See* **Doc. 1 at 26**. Further complicating the matter, Moriarty Dana Stewart has submitted a sworn affidavit that she was not employed by Defendant TA on July 6, 2024. *See* **Doc. 24 at 8**. Regardless of who the "correct" Dana Stewart is, the Court cannot treat Edgewood Dana Stewart's unsworn statements as an affidavit or evidence sufficient to support Defendant TA's burden demonstrating fraudulent joinder. *Cf. Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (finding that, pursuant to 28 U.S.C. § 1746, a complaint accompanied by a statement "made under penalty of perjury . . . may be treated as an affidavit"). The Court will not "pre-try" this "doubtful issue of fact" as to whether Plaintiff can establish a cause of action against Edgewood

---

[1] For this reason, Defendant TA's own statement that "[n]o employee of TA Operating LLC has been served" is insufficient to qualify as an affidavit to support its fraudulent joinder showing. *See* **Doc. 11 at 8**.

Dana Stewart in state court. *See Smoot*, 378 F.2d at 882 (noting that a court should not pre-try "doubtful issues of fact"). Accordingly, resolving all factual and legal issues in Plaintiff's favor, the Court finds that Defendant TA has not put forth sufficient evidence to meet its heavy burden demonstrating fraudulent joinder.[2] *See Dutcher*, 733 F.3d at 988 (noting that "all factual and legal issues must be resolved in favor of the plaintiff").

## II. Defendant TA's removal was improper, and the Court must remand the case.

Since Defendant TA fails to meet its burden demonstrating that Edgewood Dana Stewart is a fraudulently joined party, the Court must consider her citizenship for jurisdictional purposes. Considering Edgewood Dana Stewart's citizenship, Defendant TA's removal runs afoul of the forum-defendant rule and the unanimity requirement. Therefore, the removal was defective, and the Court must remand the case pursuant to § 1447(c).

Under § 1447(c), there are two grounds for remand: (1) those based on a lack of subject-matter jurisdiction and (2) those based on "any defect other than lack of subject matter jurisdiction." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017). The Tenth Circuit has held that the following three grounds qualify as a "defect" under § 1447(c): (1) noncompliance with the time limits provided in § 1446(b); (2) noncompliance with the unanimity requirements in § 1446(b)(2)(A); and (3) noncompliance with the forum-defendant rule in § 1441(b), which prohibits removal when a defendant is a citizen of the forum state. *Id.* at 1095.

---

[2] Defendant TA also notes that it told Plaintiff that "no employee of TA" had been served as of July 3, 2025. However, this notice, even taken in conjunction with Edgewood Dana Stewart's Motion to Dismiss, is insufficient to demonstrate, with complete certainty, that no claim can be made against Edgewood Dana Stewart as she may have no longer been an employee of Defendant TA by that point. Defendant TA puts forth no evidence that conclusively demonstrates that no claim can be made in state court against Edgewood Dana Stewart.

### A. Defendant TA's removal violates the forum-defendant rule.

Plaintiff invokes the forum-defendant rule by citing 28 U.S.C. § 1441(b)(2) and argues that complete diversity is lacking. **Doc. 10 at 7**. Defendant TA contends that the forum-defendant rule is not violated because Edgewood Dana Stewart should not be considered for citizenship purposes, and thus, it properly engaged in "snap" removal. **Doc. 11 at 8–9**. While Plaintiff incorrectly posits that complete diversity is lacking, Plaintiff properly points out that Defendant runs afoul of the forum-defendant rule.

Under the forum-defendant rule, a "civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Soto Enters., Inc.*, 864 F. 3d at 1096 n.11 (noting that the forum-defendant rule prohibits "removal when a case is removed for diversity jurisdiction and the defendant 'is a citizen of the State in which such action is brought'").

Here, it is undisputed that Edgewood Dana Stewart is a citizen of New Mexico. **Doc. 1 at 3**. The only dispute is whether Edgewood Dana Stewart's citizenship should be considered in light of Defendant TA's argument that she was fraudulently joined. Having decided that Edgewood Dana Stewart is not fraudulently joined, the Court finds that Defendant TA's removal runs afoul of the forum-defendant rule because Edgewood Dana Stewart is a citizen of the forum in which the suit has been brought. *See* 28 U.S.C. § 1441(b)(2). Accordingly, the Court must remand the case pursuant to § 1447(c).

### B. Defendant TA's removal violates the unanimity requirement.

Plaintiff argues that Defendant TA fails to meet the unanimity requirement, and thus, remand is required. **Doc. 10 at 4–5**. Defendant TA contends that unanimous consent with a

fraudulently joined party is not required. **Doc. 11 at 3**. Since the Court finds Defendant TA fails to meet its burden demonstrating fraudulent joinder, Defendant TA's removal fails the unanimity requirement, and the Court must remand the action because removal is procedurally defective. *See* 28 U.S.C. § 1447(c).

If a civil action is removed solely under § 1441(a) and a plaintiff names and serves multiple defendants, all the defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). If one defendant fails to join in the notice, the failure renders the removal notice procedurally defective and remand is necessary. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).

Pursuant to § 1446(b)(2)(C), the Court follows the "last-served rule" where "the clock begins running on each defendant to either remove a case or join a removal petition when [the last] defendant receives formal service of process." *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1208 (D.N.M. 2012). Thus, the Court reads 28 U.S.C. § 1446(b) to posit that "when there are multiple defendants, all served defendants must consent to removal within thirty days from when the last defendant was served." *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1184 (D.N.M. 2017).

In light of the Court's finding that Edgewood Dana Stewart was not fraudulently joined, she was properly joined and served, and thus, Defendant TA and Edgewood Dana Stewart both needed to consent to the removal. Defendant TA was served on May 30, 2025, and filed its notice of removal on June 30, 2025. *See* **Doc. 1 at 20**. Neither party provides notice of when Edgewood Dana Stewart was served. Edgewood Dana Stewart filed her Motion to Dismiss in state court on June 13, 2025. *Id.* **at 17**. Defendant TA notified this Court that, on or about July 1, 2025, it called Edgewood Dana Stewart and obtained her consent for removal. **Doc. 5 at 1**. Since neither party

notes when Edgewood Dana Stewart was served, the Court will not assume a later date of service than the record provides. *See Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008) ("The removing party has the burden to show that removal was properly accomplished."). The latest date of service that is put forth by the parties and supported by the record is when Defendant TA was served on May 30, 2025. Thus, even if the Court accepts Defendant TA's claims that it obtained removal consent from Edgewood Dana Stewart on July 1, 2025, her consent was still late, and therefore, procedurally defective.[3]

Accordingly, in addition to the violation of the forum-defendant rule, the Court finds that the unanimity requirement is not met and that the case must be remanded under § 1447(c) in light of the removal's procedural defects.[4]

### III. **An award of fees and costs is not warranted.**

Plaintiff requests fees under § 1447(c) and asserts that Defendant TA "knew that it had no objectively reasonable basis to remove" because it could not establish unanimous consent. **Doc. 10 at 8**. Defendant TA argues that it had an objectively reasonable basis to seek removal given that

---

[3] The Court also notes the split in this District in which some courts adhere to the "independent and unambiguous" approach and others adhere to the "vouching" approach. Under the "independent and unambiguous" approach, Defendant TA's notice would be insufficient because Edgewood Dana Stewart did not submit her own notice of consent, and she did not sign Defendant TA's notice. *See Vasquez*, 536 F. Supp. 2d at 1258 (noting that "each defendant must independently and unambiguously file notice of its consent to join in the removal"). Under the "independent and unambiguous" approach, Defendant TA's notice that Edgewood Dana Stewart verbally consented to removal (**Doc. 5**) would be insufficient because she neither signed Defendant TA's notice of removal nor provided her own timely notice. In addition to this technical deficiency, even if the Court were to accept Defendant TA's voucher that Edgewood Dana Stewart consented to removal, it would still be untimely as it was submitted thirty-one days after Defendant TA was served and neither party provides a record of when Edgewood Dana Stewart was served. The removing party bears the burden to demonstrate that removal is proper. *See Vasquez*, 536 F. Supp. 2d at 1257. Thus, Defendant TA fails to meet that burden as to the unanimity requirement.

[4] Because the Court must remand the case under § 1447(c), the Court will not address the Plaintiff's argument that Edgewood Dana Stewart's Motion to Dismiss at the state court level constituted a waiver of removal. *See* **Doc. 10 at 4–5**.

no employee of Defendant TA had been served. **Doc. 11 at 9–10**. Since Defendant TA's belief that Edgewood Dana Stewart was fraudulently joined, while incorrect, was not objectively unreasonable, the Court will not award fees and costs under § 1447(c).

Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of fees is discretionary, and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Given the unusual facts of this case and the confusion regarding the "correct" Dana Stewart, the Court finds that Defendant TA had a reasonable basis to remove on the grounds that it believed Edgewood Dana Stewart was fraudulently joined. While an incorrect belief, the Court concludes that Defendant TA's removal was formed upon an objectively reasonable basis, and thus, an award of fees and costs is not warranted.

## IV.     Defendant TA's Motion for Leave to File Surreply is unnecessary.

Defendant TA requests that the Court grant it leave to file a Surreply to Plaintiff's Reply in Support of Motion to Remand (**Doc. 14**). **Doc. 16**. Defendant TA argues that Plaintiff raises new factual and legal arguments in his Reply that warrants an opportunity to respond. *Id.* **at 2**. Plaintiff contends that Defendant TA introduced new information in its Response to which he is entitled to respond to in his Reply. **Doc. 21 at 2**. Since the Court finds that Defendant TA failed to meet its fraudulent-joinder burden without considering any of Plaintiff's new material presented in Plaintiff's Reply, the Court denies Defendant TA's request to file a surreply as unnecessary.

A nonmoving party should ordinarily have an "opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th

Cir. 2005). "New material" means "both new evidence and new legal arguments." *Id.* Where a reply brief presents new material, a court may take either of two courses of action: (1) refrain from relying on the new material; or alternatively, (2) permit a surreply. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 2003). If a court does not permit a surreply, the court must not rely on the new material in the movant's reply brief. *Id.* (noting that in the context of summary judgment, a court may grant summary judgment without permitting a surreply if the court refrains "from relying on any new material contained in the reply brief").

Here, Plaintiff introduces the following new material in his Reply: (1) a sworn affidavit alleging that Moriarty Dana Stewart intentionally misidentified herself to a process server; (2) allegations that Defendant TA engaged in wrongdoing by "conveniently omitting" facts from its Notice of Removal; and (3) new legal authority to support an argument that "snap" removal should be rejected outright. **Doc. 22 at 3–5**; *see also* **Doc. 14 at 4, 8–9**; **Doc. 14-1 at 1**. The Court does not rely on any of the new material in making its remand determination under § 1447(c). This issue turns on Defendant TA's inability to meet its burden demonstrating fraudulent joinder because it relies on unsworn statements in briefs that do not qualify as evidence. Even if Defendant TA were afforded an opportunity to rebut the new material, any surreply would be immaterial to the Court's decision to remand the case because Defendant TA's failure to meet its burden was present off the face of its Notice of Removal (**Doc. 1**), Plaintiff's Motion to Remand (**Doc. 10**), and Defendant TA's Response (**Doc. 11**). *See Otero v. Nat'l Dist. Co.*, Inc., 627 F. Supp. 2d 1232, 1238–39 (D.N.M. 2009) (denying leave to file a surreply when the court disregarded new material presented in the party's reply brief); *see also Beaird*, 145 F. 3d at 1164 (noting that a court may simply refrain from relying on new material or permit a surreply). Therefore, since a surreply would be unnecessary, the Court declines to grant Defendant TA leave to file a surreply.

**V.    The remaining motions and requests are rendered moot.**

Since the Court finds that it must remand the case pursuant to § 1447(c), the Court denies as moot Defendant Dana Stewart's Motion for Summary Judgment (**Doc. 24**) and Plaintiff's embedded request for discovery on the identities of Defendant TA's employees. *See* **Doc. 10 at 8**.

## CONCLUSION

Defendant TA's removal runs afoul of the forum-defendant rule and the unanimity requirement. Therefore, the removal was defective, and the Court must remand the case pursuant to § 1447(c).

**IT IS THEREFORE ORDERED THAT**:

- Plaintiff's Motion to Remand (**Doc. 10**) **GRANTED**;

- Plaintiff's embedded request for limited discovery is **DENIED AS MOOT**;

- Plaintiff's request for costs and fees is **DENIED**;

- Defendant TA's Motion for Leave to File Surreply (**Doc. 16**) is **DENIED AS MOOT**;

- Defendant Dana Stewart's Motion for Summary Judgment (**Doc. 24**) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the case be **REMANDED** to the First Judicial District, County of Rio Arriba, State of New Mexico. The Clerk of Court is directed to take the necessary actions to remand this case.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE